UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicholas C. J., | Case No. 20-cv-1340 (WMW/ECW) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Kilolo Kijakazi, | |
| Defendant. | |

Before the Court is the January 20, 2022 Report and Recommendation (R&R) of United States Magistrate Judge Elizabeth Cowan Wright. (Dkt. 35.)

As the R&R provides a detailed factual and procedural history, the Court briefly summarizes the background of this litigation. On June 10, 2020, Plaintiff Nicholas C. J. commenced this action, seeking judicial review of Defendant Kilolo Kijakazi's decision to deny Nicholas C. J.'s application for disability benefits. Both Nicholas C. J. and Kijakazi now move for summary judgment. The R&R recommends that the Court deny Nicholas C. J.'s motion for summary judgment and grant Kijakazi's motion for summary judgment. Nicholas C. J. filed timely objections to the R&R, to which Kijakazi did not respond. For the reasons addressed below, the Court overrules Nicholas C. J.'s objections, adopts the R&R, grants Kijakazi's motion for summary judgment and denies Nicholas C. J.'s motion for summary judgment.

ANALYSIS

A district court reviews *de novo* those portions of an R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objection to a R&R must specify the nature of the objection and the grounds for doing so. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Any objection that merely repeats arguments that were presented to and considered by a magistrate judge is reviewed for clear error. *Id.*

### I. Nicholas C. J.'s Objections to the R&R

Nicholas C. J. contends that the R&R erred by concluding that 20,500 jobs nationally is a significant number. The magistrate judge relied on a case concluding that evidence of 10,000 jobs in the national economy was sufficient to prove that there were a significant number of jobs in the economy. *See Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997). Jones argues that the magistrate judge's reliance on *Johnson* is misplaced because the vocational expert in that case testified that the job in question was representative of a larger category of jobs that the claimant could perform. But the vocational expert at Nicholas C. J.'s hearing also testified that the three jobs he suggested were examples of jobs in the economy that somebody could perform with Nicholas C.J.'s limitations. Moreover, the determination of whether a significant number of jobs in the economy exist is a fact-specific inquiry that "should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's

factual situation." *Id.* at 180 (internal quotation marks omitted). At the hearing before the Administrative Law Judge (ALJ), the vocational expert testified that there exist 32,500 jobs in the national economy that Nicholas C. J. could perform. The vocational expert based his analysis on the jobs categorized in the Dictionary of Occupational Titles (DOT) and relied on his experience when testifying as to specific limitations that the DOT does not encompass. Based on this testimony, the ALJ did not err by concluding that there are a significant number of jobs in the national economy that Nicholas C. J. can perform. In reviewing the ALJ's decision, the magistrate judge concluded that even without considering the document-preparer job, the remaining number of jobs—20,500— is substantial. Based on the record before the Court, the magistrate judge's conclusion is not erroneous, and the magistrate judge did not err by relying on *Johnson* to support the conclusion that 20,500 jobs is a significant number. The Court overrules Nicholas C. J.'s objection on this ground and adopts this aspect of the R&R.

Nicholas C. J. also contends that the R&R erred by concluding that there is no apparent conflict between his residual functional capacity (RFC) and the job of document preparer, one of the jobs that the vocational expert testified that Nicholas C. J. could perform. But the magistrate judge concluded that there are a significant number of jobs that Nicholas C. J. could perform even without considering the job of document preparer. Accordingly, summary judgment is proper even assuming there is a conflict between Nicholas C. J.'s RFC and the job of document preparer. The Court overrules Nicholas C. J.'s objection on this ground and adopts this aspect of the R&R.

Nicholas C. J. also argues that the R&R did not address his contention that the jobs of addresser and cutter-paster no longer exist in significant numbers within the national economy. But the magistrate judge thoroughly considered this argument, and Nicholas C. J. has not identified any legal or factual error in the magistrate judge's recommendation. Accordingly, the Court overrules Nicholas C. J.'s objection on this ground and adopts this aspect of the R&R.

## II.     Clear Error Review

The Court reviews the balance of the R&R for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). After careful review of the R&R, the Court finds no clear error and, therefore, adopts the R&R.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff Nicholas C. J.'s objections to the January 20, 2022 R&R, (Dkt. 37), are **OVERRULED**.

2. The January 20, 2022 R&R, (Dkt. 35), is **ADOPTED**.

3. Plaintiff Nicholas C. J.'s motion for summary judgment, (Dkt. 27), is **DENIED**.

4. Defendant Kilolo Kijakazi's motion for summary judgment, (Dkt. 31), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 17, 2022                                    s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge